We do not retain jurisdiction.

SALVATORE CAPELLI, APPELLANT, v. CIVIL SERVICE COMMISSION, DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND NEW JERSEY STATE HOSPITAL AT ANCORA, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 25, 1966—Decided February 1, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. Stephen F. Lichtenstein* argued the cause for appellant.

*Mr. Morton Anekstein,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General, attorney).

PER CURIAM. We affirm respondent Civil Service Commission's order upholding the action of the Ancora State Hospital authorities in removing appellant from his position as recreation assistant because of incapacity to perform his duties due to mental disability.

*R. S.* 11:15–2 calls upon the Commission to enumerate in its rules the reasons which shall be considered "just cause" for removal of an employee in the permanent classified service after completion of his working test period. *Civil Service Rule* 59 was promulgated pursuant to that mandate; one of the causes for removal is "(c) Incompetency or inefficiency in the service or incapacity due to mental or physical disability." Appellant challenges the rule, claiming that mental incapacity "is incongruous in the setting of *Rule* 59 and does not constitute just cause for removal, absent some showing that the employee is incompetent or inefficient in the performance of his duties." We do not agree. The Legislature gave the Commission the task of filling in the details of what constitutes "just cause." It has attempted to do so in order "to secure for government * * * efficient public service in all its many functions" — the primary object and purpose of the Civil Service Act. *Borough of Park Ridge v. Salimone,* 21 *N. J.* 28, 44 (1956). One can imagine of little that is more destructive of the public service than having a mentally affected person care for the recreational needs of mentally disturbed patients.

Appellant also claims that the appointing authority abused discretion in denying his request for a leave of absence

from March 29 to September 18, 1963. His application was turned down by letter of April 25, 1963, stating that unless he reported for work by May 3 he would be separated from service under *Civil Service Rule* 59. When he did not return, he was sent a preliminary notice of disciplinary action on May 17, fixing May 22 as the date of hearing. *Civil Service Rule* 65 gave appellant 20 days to appeal the disapproval to the Commission. He failed to do so and therefore must be considered as having foregone his right. We note, incidentally, that the claim of abuse of discretion in denying his request for a leave is raised for the first time on appeal. In any event, we find no such abuse.

We find no merit in appellant's further contention that he was not given a fair hearing before the Commission.

Appellant also argues that the evidence did not support the finding of mental incapacity. The Commission's conclusions and order are supported by substantial credible evidence on the whole of the record. See *Campbell v. Dept. of Civil Service*, 39 *N. J.* 556, 562 (1963).

We need not consider the contention, made in passing, that appellant could not be removed under *Rule* 59(c) because his disability was work-connected. He never sought review of this claim by application to the Commission. See *N. J. S. A.* 11 : 14–2 (second paragraph). We view the claims of harassment on the job as exaggerated, or perhaps even imagined. But that aside, there is no proof that such harassment was the cause of appellant's disability; his medical expert was not certain as to the etiological factors which brought on the condition.